IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACIE GILKEY, JR., #1219076, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0613-P |
| | ) | (consolidated with |
| NATHANIEL QUARTERMAN, Director, | ) | 3:06cv0683-P) |
| Texas Department of Criminal Justice, | ) | ECF |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening. On April 25, 2006, the Magistrate Judge issued a questionnaire to Petitioner, who filed his answers thereto on May 4, 2006.

Statement of the Case: Following his plea of not guilty, a jury found Petitioner guilty of aggravated sexual assault of a child and sexual assault of a child in the 282nd Judicial District Court of Dallas County, Texas, in Cause Nos. F00-71241-TS and F00-71242-TS. The jury

assessed punishment at five years and three years imprisonment, respectively. The convictions were affirmed on direct appeal. *See Gilkey v. State*, Nos. 05-02-01820-CR, and 05-02-01821-CR (Tex. App.-Dallas Nov. 21, 2005, no pet.) (not designated for publication). Petitioner did not file a petition for discretionary review (PDR). *See Gilkey v. State*, Nos. 05-02-1820-CR and 05-02-01821-CR, http://www.courtstuff.com/cgi-bin/as_web.exe?C05_CASE.ASK+D+22152416 (docket sheet information generated from Fifth District Court of Appeals website).

Petitioner subsequently filed three state applications for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging Cause No. F00-71241. The Texas Court of Criminal Appeals (TCCA) dismissed the first two applications on May 7, 2003, and on February 9, 2005, respectively, because Petitioner's direct appeal was pending as of their filing. *See Ex parte Gilkey*, Nos. WR-55,552-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=216159, and No. WR-55,552- 03, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=224659. On January 25, 2006, the TCCA denied the third application without written order on the trial court's finding without a hearing. *See* No. WR-55,552-06, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=237500.

Petitioner also filed three art. 11.07 applications challenging Cause No. F00-71242. The TCCA dismissed the first application because Petitioner's direct appeal was pending, *see* No. WR-55,552-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=216158, and the second and third applications because his sentence was discharged, *see* No. WR-55,552-04, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=226550, and No. WR,55,552-05, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=237499.

Subsequently, on March 16, 2006, Petitioner filed the federal habeas petitions at issue in

2

this consolidated case. He raises 105 grounds for habeas relief.[1]

On September 11, 2006, Petitioner filed a motion for DNA testing and for leave to proceed *in forma pauperis* with respect to it. (Docket #19 and #20).[2]

<u>Findings and Conclusions</u>: The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

    A.    <u>Sexual Assault Conviction in Cause No. F00-71242</u>

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[1] The federal petitions were initially filed in the United States District Court for the Western District of Texas, Waco Division, which in turn transferred them to this Court. For purposes of this recommendation, the federal petitions are deemed filed on March 8, 2006, the date Petitioner certifies placing them in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

After the filing of the federal petitions in this case, Petitioner filed two additional state applications. Most recently, on September 20, 2006, the TCCA denied both applications without written order. *See* No. WR-55,552-07, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=244845, and No. WR-55,552-08, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=244846 (Docket Sheet information generated from the Texas Court of Criminal Appeals Website). These applications appear irrelevant to the disposition of this action.

[2] On August 15, 2006, the Fifth District Court of Appeals affirmed the trial court's orders denying Petitioner's motions for post-conviction DNA testing. *Gilkey v. State*, Nos. 05-06-00474-CR and 05-06-00475-CR, http://www.courtstuff.com/FILES/05/06/05060474.HTM. Petitioner's motion seeking an extension of time to file a petition for discretionary review remains pending. *Id.*

Presently Petitioner is not incarcerated on the basis of his conviction for sexual assault in No. F00-71242. He concedes having fully served his three-year sentence in No. F00-71242 before filing the petition in this case. (Answer to Question 2). He argues, however, that he is entitled to challenge his three-year sentence, even if fully expired, because he is "being held and serving a concurrent sentence that is alleged to have happened at the same place, time and alleged episode for which my rights are and have been violated." (*Id.*). Petitioner's contention is meritless and wholly unsupported. Therefore, Petitioner's claims with respect to Cause No. F00-71242 should be dismissed for want of jurisdiction because Petitioner cannot satisfy the "in custody" requirement. *See Maleng v. Cook,* 490 U.S. 488, 492 (1989).[3]

    B.    <u>Aggravated Sexual Assault Conviction in Cause No. F00-71241</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. <u>See</u> 28 U.S.C. § 2244(d). The District Court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).[4]

The one-year period is calculated from the latest of either (A) the date on which the

---

[3] The Supreme Court has held that a petitioner remains "in custody" under all of his *consecutively* imposed sentences until all are served and may attack the conviction underlying the sentence scheduled to run first in the series. *See Garlotte v. Fordice,* 515 U.S. 39, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995). *Garlotte*'s holding is limited to consecutive sentences and, thus, is inapplicable to concurrent sentences, as the ones at issue in this case.

    This Court, via telephonic communication with the Texas Department of Criminal Justice, Correctional Institutions Division, confirmed that Petitioner's three-year sentence in No. F00-71242 was fully discharged.

[4] In the questionnaire filed on April 25, 2006, the Magistrate Judge informed Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his petition should not be dismissed as barred by the limitations period. *See* Question No. 6. Petitioner filed his answer to the questionnaire on May 4, 2006.

judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).

The conviction for aggravated sexual assault in No. F00-71241 became final on Monday December 22, 2003, the last day on which Petitioner could have filed a petition for discretionary review with the Texas Court of Criminal Appeals.  Therefore, the one-year period began to run on December 23, 2003, the day after Petitioner's conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998), and expired on December 22, 2004, 441 days before

the federal petition filed in this case.[5]

While 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of a properly filed state habeas application, statutory tolling is unavailable in this case. Petitioner's first and second state applications were not "properly filed," and his third state application was not pending in state court during the one-year limitation period. Petitioner filed his first state application on February 20, 2003, nine months *before* the Court of Appeals even issued its opinion in his direct criminal appeal. (Attachment I). While the second state application (filed on December 30, 2003), post-dated the Court of Appeals' opinion, it pre-dated the Court of Appeals' issuance of the mandate on February 10, 2004. (Attachment I). The Fifth Circuit Court of Appeals has held that an art. 11.07 application filed, as in this case, *before* the issuance of a mandate by the state court of appeals was *not* "properly filed" and, thus, could not toll the one-year limitation period. *Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir. 2004), *cert. denied*, 125 S.Ct. 141 (2004).

Petitioner filed his third state application on March 23, 2005, after the expiration of the one-year limitation period. (Attachment I). It is well established that a state habeas application does not toll the one-year limitation period when it is filed after the one-year period has expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the federal petition is time barred absent equitable tolling.

Petitioner's pleadings, even when liberally construed in accordance with his *pro se*

---

[5] Although the court of appeals issued a mandate on February 10, 2004, that date does not control the limitation analysis in this case. The Fifth Circuit has held that issuance of a mandate does not determine when a conviction becomes final for purposes of the AEDPA one-year limitation period. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).

status, do not present "rare and exceptional circumstances" warranting equitable tolling, *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000).

In response to the magistrate judge's questionnaire, Petitioner alleges that the consolidated petition is timely because it was filed within one year of the January 26, 2006 denial of his state application. (Answer to Question 6). His contention that the one-year period did not commence until the conclusion of state post-conviction review is wholly baseless. *See Harris v. Hutchinson*, 209 F.3d 325, 327-328 (4th Cir. 2000) (rejecting a similar argument based on decisions in *Valentine v. Senkowski*, 966 F.Supp. 239, 241 (S.D.N.Y. 1997), and *Martin v. Jones*, 969 F.Supp. 1058, 1061 (M.D. Tenn. 1997)); *McCoy v. Cockrell*, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D. Tex., Dallas Div., July 15, 2002) (adopting recommendation of magistrate Judge) (same).

Insofar as Petitioner questions the Texas Court of Criminal Appeals' delay in dismissing his second art. 11.07 application because a mandate had not be issued as of its filing, his claim should be rejected. This is not a case in which the petitioner was unaware that the state application was premature or deficient in any ways until *after* the running of the one-year period. *Cf. Morrison v. Dretke*, 2004 WL 2870060, No. 2:03-CV-0442 (N.D. Tex., Amarillo Div., Dec.

13, 2004) (holding petitioner was entitled to equitable tolling because he was not put on notice that his first state habeas application was deficient until it was returned by the county district clerk after the one-year statute of limitations had expired).  As a matter of fact, the State's response to the second state application (*see* Attachment II), coupled with the state's response to the first application and the TCCA's dismissal of the first application, specifically placed Petitioner on notice, during the first few months of the one-year limitation period, that his second state application was premature because it had been filed prior to the issuance of a mandate by the court of appeals.

Insofar as Petitioner requests equitable tolling of the limitation period, his request should be rejected.  Petitioner's own allegations reflect that he did not act with due diligence.  After receiving notice of the February 9, 2005 dismissal of his second state habeas application, Petitioner delayed at least 40 days before submitting his third state application for filing to the trial court.  Petitioner waited an additional 40 days, following the denial of his third state application, before submitting this federal petition for filing.  These delays – clearly of Petitioner's own making – do not evince due diligence.  "[E]quity is not intended for those who sleep on their rights.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Similarly, Petitioner's actual innocence claim raised in answer to the magistrate judge's questionnaire (Answer to Question 6) and in his September 11, 2006 motion for DNA testing, should be rejected.  A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002).  In addition, Petitioner has not

shown that he has reliable new evidence that establishes his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995).

> An actual innocence claim carries a heavy burden:
>
> To establish the requisite probability that he was actually innocent, the [petitioner] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

Petitioner apparently contends that he should be granted post-conviction DNA testing because there is a reasonable probability that DNA testing would show that he did not commit the offenses in Cause Nos. F00-71241 and F00-71242. (Mot. for DNA testing at 1). The above assertion does not carry Petitioner's heavy burden of showing that he is actually innocent. First, Petitioner does not rely on new evidence not submitted at trial. Second, he cannot show that it is more likely than not that no reasonable juror would have convicted him in light of the allegedly new evidence. *See United States v. Espinoza*, 2005 WL 2291620, *3 (N.D. Tex. 2005), *report & recommendation adopted by*, 2005 WL 2546925 (N.D. Tex. 2005) (3:97cr257-G, 3:05cv944-G). The party seeking equitable tolling has the burden to show entitlement to such tolling. See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden to show that equitable tolling is warranted, such tolling does not save the instant petition.

9

RECOMMENDATION:

For the foregoing reasons the Magistrate Judge recommends the consolidated petition be DISMISSED for want of jurisdiction with respect to Cause No. F00-71242 because Petitioner cannot satisfy the in custody requirement, and that the consolidated petition be DISMISSED with prejudice as barred by the one-year limitation period pursuant to 28 U.S.C. § 2244(d) with respect to Cause No. F00-71241.

It is further recommended that Petitioner's motions for hearing, for judicial review, for leave to proceed *in forma pauperis*, and for DNA testing (Docket #16 and # 18-20) be DENIED.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 22nd day of September, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.